[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 639.]

CINCINNATI SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT, *v.*

HAMILTON COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*,

1996-Ohio-232.]

*Taxation—Real property valuation—Carryover from the filing of a prior*
*complaint is not applicable to the tax year and succeeding years for which*
*a valid new complaint is filed and determined by a board of revision—*
*R.C. 5715.19, construed and applied.*

(No. 95-1144—Submitted January 4, 1996—Decided March 1, 1996.)

APPEAL from the Board of Tax Appeals No. 93-P-72.

————————————

{¶ 1} Complaints were filed with the Hamilton County Board of Revision ("BOR") for tax year 1989 concerning the valuation of real property owned by Grandin House, Ltd. ("Grandin"). The valuation determined by the BOR for tax year 1989 was appealed to the Board of Tax Appeals ("BTA"). On November 13, 1992 the BTA issued its decision for tax year 1989, determining the true value of Grandin's real property to be $5,600,000. The decision of the BTA was appealed to this court, which affirmed the BTA on May 18, 1994. *Cincinnati v. Hamilton Cty. Bd. of Revision* (1994), 69 Ohio St.3d 301, 631 N.E.2d 1038.

{¶ 2} While the 1989 appeal was pending, Grandin filed a complaint for tax year 1990, alleging a true value for its real property of $3,000,000. The 1990 tax year was the first year of a triennial period. The Cincinnati School District Board of Education filed a countercomplaint, alleging the true value of the property for tax year 1990 to be $4,518,000, the same amount assessed by the Hamilton County Auditor.

**{¶ 3}** At the hearing before the BOR on December 14, 1992, Thomas Heywood, an appraiser representing the Hamilton County Auditor, testified that the fair market value of the real property was $4,600,000. Grandin's attorney presented operating figures to the BOR from which he derived a value of approximately $4,400,000. The BOR affirmed the auditor's assessment for tax year 1990 of $4,518,030.

**{¶ 4}** The school board did not appear by counsel or present any evidence or witnesses at the BOR hearing for tax year 1990.

**{¶ 5}** The school board appealed the BOR's decision to the BTA. The BTA affirmed the BOR's decision and the school board filed an appeal to this court.

**{¶ 6}** This cause is now before this court upon an appeal as of right.

_____

*Kohnen & Patton* and *David C. DiMuzio*, for appellant.

*Wayne E. Petkovic*, for appellee Grandin House, Ltd.

_____

***Per Curiam.***

**{¶ 7}** The school board's contention is that the BTA erred in not carrying forward the 1989 valuation to the 1990 tax year. The school board further contends that the valuation established for the 1989 tax year must be carried forward until another value is established at the next sexennial reappraisal.

**{¶ 8}** Grandin contends that, because 1990 was the first year of a triennial period, it was entitled to file a new complaint. Grandin further contends that when it filed a new complaint for tax year 1990, the BOR was required to establish a true value based on the determination of that complaint, and the BOR should not carry over the valuation from 1989.

**{¶ 9}** Prior to the amendment of R.C. 5715.19(A) in 1988, complaints concerning the assessment of real property could be filed for each new tax year. In 1988, R.C. 5715.19(A) was amended "to limit the number of times a person, board,

or officer may make a complaint with respect to real property tax valuation and assessments." Am.Sub. H.B. No. 603, 142 Ohio Laws, Part III, 4583. The language added to R.C. 5715.19(A) by H.B. No. 603 in 1988 provided: "No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior year in the same interim period" unless one or more of four specified circumstances applied. *Id*. at 4590.

{¶ 10} An "interim period" is defined in R.C. 5715.19 by reference to R.C. 5715.24 as one of the three-year periods between the sexennial reappraisals. Thus each of the persons listed in R.C. 5715.19(A) is permitted to file a complaint in each triennium. Furthermore, R.C. 5715.11 provides that the county board of revision "shall hear complaints relating to the valuation or assessment of real property ***. The board shall investigate all such complaints and may increase or decrease any such valuation or correct any assessment complained of ***." The foregoing makes it clear that a board of revision is required to hear and to determine a value for each valid complaint filed with it. No distinction is made for the situation where a prior complaint may still be pending.

{¶ 11} The school board bases its contention on language contained in R.C. 5715.19(D), which it contends requires the 1989 valuation in this case to be carried over until the end of the sexennial period:

"(D) The determination of any such complaint shall relate back to the date when the lien for taxes or recoupment charges for the current year attached or the date as of which liability for such year was determined. Liability for taxes and recoupment charges for such year and *each succeeding year until the complaint is finally determined* and for any penalty and interest for nonpayment thereof within the time required by law shall be based upon the determination, valuation, or assessment as finally determined. Each complaint shall state the amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or

incorrect classification or determination upon which the complaint is based. The treasurer shall accept any amount tendered as taxes or recoupment charge upon property concerning which a complaint is then pending, computed upon the claimed valuation as set forth in the complaint. *If a complaint filed under this section for the current year is not determined by the board within the time prescribed for such determination, the complaint and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board. In such case, the original complaint shall continue in effect without further filing by the original taxpayer, his assignee, or any other person or entity authorized to file a complaint under this section.*" (Emphasis added.)

{¶ 12} Although the language of R.C. 5715.19(A) gives a person the right to file at least one complaint per triennium, the school board's interpretation of R.C. 5715.19(D) would nullify the effect of that right. If a prior complaint was still pending, the school board's interpretation would not allow a board of revision to determine a value for the year of a new complaint.

{¶ 13} The complaint filed by Grandin was the first complaint filed by it in the second triennium of the sexennial period. No one disputes that Grandin was entitled to file a complaint in the second triennium. However, the school board would require the BOR to ignore its finding of value for 1990 and find the 1989 valuation, as finally determined, to prevail for 1990. In resolving this matter we are guided by the principles set out in the first paragraph of the syllabus of *Gulf Oil Corp. v. Kosydar* (1975), 44 Ohio St.2d 208, 73 O.O.2d 507, 339 N.E.2d 820:

"Strict construction of taxing statutes is required, and any doubt must be resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed."

{¶ 14} In the second paragraph of the syllabus of *Gulf Oil Corp.* we held:

4

"If the construction and interpretation of statutory language reveals the statute to be facially ambiguous, it is the function of the courts to construe the statutory language to effect a just and reasonable result."

{¶ 15} Finally, R.C. 1.47 provides that in enacting a statute it is presumed that:

"(B) The entire statute is intended to be effective;

"(C) A just and reasonable result is intended;

"(D) A result feasible of execution is intended."

{¶ 16} The only interpretation that will harmonize the competing portions of R.C. 5715.19 is one that will nullify neither the right to file a complaint nor the duty of the board of revision to hear and decide the complaint. The only construction of R.C. 5715.19 that will achieve this result is one that holds that the carryover from the filing of a prior complaint is not applicable to the tax year and succeeding years for which a valid new complaint is filed and determined by a board of revision. Thus, the filing of a valid new complaint in the second triennium stops, for the tax year at issue and succeeding years, the automatic carryover of the value determined under a prior complaint.

{¶ 17} The filing of the valid new complaint in the second triennium will require a new determination of value by the board of revision, and that determination shall relate back to the date when the lien for taxes or recoupment charges for the year in question attach or the date as of which the liability for the year was determined.

{¶ 18} The school board also raises as a proposition of law that a board of revision has no jurisdiction to consider complaints subsequent to a pending complaint until that pending complaint has been finally determined. That issue was not raised in the school board's notice of appeal and therefore will not be ruled on by this court.

{¶ 19} Accordingly, for the reasons set forth above, the BTA's decision is neither unreasonable nor unlawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____