CONCORD COLUMBUS, L.P., Appellee,

v.

TESTA, Cty. Aud., et al., Appellants; Hall, Cty. Treas., et al., Appellees.

[Cite as *Concord Columbus, L.P. v. Testa* (1997), 122 Ohio App.3d 205.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE12–1710.

Decided Aug. 5, 1997.

206

*Fred Siegel Co., L.P.A.*, and *Annrita S. Johnson*, for appellee.

*Ronald J. O'Brien*, Franklin County Prosecuting Attorney, and *Matthew Chafin*, Assistant Prosecuting Attorney, for appellant Joseph W. Testa, Auditor, Franklin County.

*Teaford, Rich & Wheeler* and *Jeffrey A. Rich*, for appellant Board of Education of the Columbus City School District.

---

TYACK, Presiding Judge.

Concord Columbus, L.P. ("Concord Columbus") is the owner of certain real property located at 35 West Spring Street, Columbus, Ohio. The property is the site of the Courtyard by Marriott Hotel, which was purchased by Concord Columbus in 1992 for $1,400,000. Following substantial renovations, the hotel ultimately opened for business in April 1994. The dispute before us concerns the valuation, for tax purposes, of the property during the renovation period.

Ohio Adm.Code 5705-3-02(G) sets forth the procedure by which the county auditor is to determine the valuation of a building undergoing construction. Improvements or additions made to such property after January 1st of any year are valued for the first time in the following tax year. Accordingly, since the renovations here occurred over a period overlapping several tax years, the Franklin County Auditor ("auditor") conducted annual inspections and reappraisals based upon the increased value of the property.

For tax year 1993, the auditor assessed the value of the property at $2,600,000. To challenge this valuation, Concord Columbus filed a complaint before the Franklin County Board of Revision ("BOR"), seeking a decrease in the assessed value. In turn, the Board of Education of the Columbus City School District ("Board of Education") filed a counter-complaint seeking an increase. The BOR ultimately decreased the assessed value to $1,400,000, a determination which was not appealed.

For tax year 1994, the auditor assessed the property's value at $3,472,600. Both Concord Columbus and the Board of Education again filed complaints challenging this assessment. While the 1994 complaints were still pending, the auditor reassessed the property, pursuant to R.C. 5713.01, to reflect a "finished value" of $3,560,000 for tax year 1995. No party filed a separate complaint to challenge the 1995 valuation.

On April 5, 1996, the BOR issued its decision regarding the 1994 tax year, again devaluing the assessed value of the property. The assessed value for 1994 was $2,580,000. On the same date, the BOR also rendered a determination revising the auditor's appraised "finished value" to $5,510,000 for the 1995 tax year. Since no party had filed a separate complaint to challenge the auditor's 1995 valuation, the BOR apparently based its jurisdiction to render the determination upon the "carryover" provisions of R.C. 5715.19(D). Essentially, the BOR deemed the 1994 complaints to be "continuing" complaints so that it had authority to review the 1995 determination.

Concord Columbus appealed the BOR's 1995 valuation to the Franklin County Court of Common Pleas, arguing that the BOR lacked statutory jurisdiction to determine the value of the property for tax year 1995 because no complaint had been filed to trigger review of the auditor's valuation for that year.

The trial court ultimately agreed, finding that the 1994 complaints were not valid complaints upon which the BOR could render a determination for the 1995 tax year. The trial court held that a valid new appraisal rendered by the auditor pursuant to his statutory duties under R.C. 5713.01, which requires the auditor to reappraise property when the auditor "finds that the true or taxable values thereof have changed," terminates the carryover jurisdiction granted to the BOR under R.C. 5715.19(D).

The Board of Education and the auditor ("appellants") have jointly appealed, assigning a single error for our consideration:

"The common pleas court erred in holding that the complaints filed by the property owner and Board of Education with the Franklin County Board of Revision for tax year 1994 were not valid complaints for tax year 1995 under R.C. 5715.19(D)."

In order to determine whether the "continuing" complaint or "carryover" provision of R.C. 5715.19(D) vested the BOR with jurisdiction to determine the property's valuation for 1995, it is necessary to consider the interplay among various statutory provisions.

Preliminarily, we note that there is scant authority upon which to rely in resolution of this issue. Concord Columbus, and ultimately the court of common pleas, cited case law from the Supreme Court of Ohio that we do not find to be directly on point. See *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1996), 74 Ohio St.3d 639, 660 N.E.2d 1179; *Oberlin Manor, Ltd. v. Lorain Cty. Bd. of Revision* (1994), 69 Ohio St.3d 1, 629 N.E.2d 1361; and *Wolf v. Cuyahoga Cty. Bd. of Revision* (1984), 11 Ohio St.3d 205, 11 OBR 523, 465 N.E.2d 50.

R.C. 5715.19(C) generally requires the BOR to render its decision on a complaint within ninety days of the filing of the complaint. However, the latter portion of R.C. 5715.19(D), upon which appellants rely, provides a procedural mechanism for "continuing" complaints as follows:

" * * * *If a complaint* filed under this section for the current year *is not determined by the board within the time prescribed* for such determination, *the complaint and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined* by the board or upon any appeal from a decision of the board. *In such case, the original complaint shall continue in effect without further filing*

by the original taxpayer, his assignee, or any other person or entity authorized to file a complaint under this section." (Emphasis added.)

R.C. 5715.19(A)(2) prohibits the filing of a second complaint by the same party in an "interim" period unless there is a change of circumstances. That provision reads:

"No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless * * *

"(a) The property was sold in an arm's length transaction * * *;

"(b) The property lost value due to some casualty;

"(c) Substantial improvement was added to the property;

"(d) An increase or decrease of at least fifteen percent in the property's occupancy has had a substantial economic impact on the property."

The "interim period" to which the above provision refers is a three-year appraisal cycle or "triennium." The court of common pleas held that a conflict existed between the continuing-complaint provision and the provisions of R.C. 5715.19(A)(2) prohibiting anyone from filing more than one complaint on the same property during any triennium.

Appellants make a distinction between the carryover or "continuing" complaint provisions set forth above and the carryover "value" provisions set forth in the first two sentences of R.C. 5715.19(D), which read:

"The determination of any such complaint shall relate back to the date when the lien for taxes or recoupment charges for the current year attached or the date as of which liability for such year was determined. Liability for taxes and recoupment charges for such year and each succeeding year until the complaint is finally determined and for any penalty and interest for nonpayment * * * shall be based upon the * * * valuation * * * as finally determined."

The carryover-value provisions essentially determine whether a prior valuation must be applied to an ensuing tax year. As noted by appellants, the carryover-"value" provisions were the focus of the Supreme Court of Ohio decisions cited above.

Appellants argue that there is no conflict between the continuing-complaint provision, one which is merely procedural, and R.C. 5715.19(A)(2) because the latter does not apply when the county auditor has actually changed the value of the property; if the county auditor changes the value, the property owner can always file a complaint against that changed value, irrespective of any limitations or restrictions found in R.C. 5715.19(A)(2). Appellants' interpretation of the

above statutory language is that a pending complaint continues · over to the ensuing tax year when a valid complaint *can* be filed *because* the auditor changed the value for the ensuing year. Conversely, had the auditor not changed the valuation for 1995 over 1994, then a new complaint for 1995 could be filed only under one of the exceptions set forth in R.C. 5715.19(A)(2). We find that interpretation to be sound.

■ We construe the foregoing statutes to mean that although any party *could* have filed another complaint for tax year 1995, no party was *required* to do so in order for the BOR to have jurisdiction to address the 1995 valuation. In our view, the continuing-complaint provision is merely a procedural device which ought to be given the effect of its plain intention. While a prior complaint is still pending before the BOR, the parties are not required to keep filing additional complaints in order for the BOR to retain jurisdiction for the ensuing years within the same triennium.

The assignment of error is sustained.

■ Notwithstanding our holding that the BOR retained jurisdiction to address the 1995 valuation, the record before us indicates that the parties were given no notice of the BOR's intention to address the issue; accordingly, the parties had no opportunity to present evidence regarding the valuation. Therefore, we remand the case to the court of common pleas with instructions to remand the case to the BOR to receive pertinent evidence and render a determination thereon.

Having sustained the assignment of error, we reverse the judgment of the trial court and remand the cause to the court of common pleas for further proceedings consistent with this opinion.

*Judgment reversed ·*
*and cause remanded.*

DESHLER, J., concurs.

CLOSE, J., dissents.

CLOSE, Judge, dissenting.

I dissent. Appellee filed a complaint seeking a decrease in the property's valuation and the Board of Education filed a counter-complaint with the board of revision ("BOR") for the 1994 tax year. The 1994 complaints were not decided by the BOR within the ninety-day period required under R.C. 5715.19(C); consequently, the BOR deemed the 1994 complaints to be "continuing complaints" under R.C. 5715.19(D) for purposes of determining the property's valuation for

the tax year 1995. It is on this basis that the BOR determined it had jurisdiction to consider the 1995 tax year.

In order to determine whether the "continuing complaint" or "carryover" provision of R.C. 5715.19(D) vested the BOR with jurisdiction to determine the property's valuation for 1995, it is necessary to consider the interplay between R.C. 5715.19(D) and 5715.19(A)(2).

R.C. 5715.19(D) states:

" * * * If a complaint filed under this section for the current year is not determined by the board within the time prescribed for such determination, the complaint * * * shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board * * *. In such case, the original complaint shall continue in effect without further filing by the original taxpayer * * * or any other person or entity authorized to file a complaint under this section."

R.C. 5715.19(A)(2) states:

"No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless * * *:

" * * * *

"(c) Substantial improvement was added to the property[.]"

Reading these two sections together and attempting to harmonize them leaves us with an obvious understanding of what is intended. A "person, board, or officer" may challenge property valuations and assessments only once during an interim (triennium) period, unless one of the circumstances listed in R.C. 5715.19(A)(2) applies. Thus, in a typical scenario, where the real estate is not undergoing substantial improvements and not experiencing one of the other exceptions listed under R.C. 5715.19(A)(2), a board of revision valuation for a certain tax year cannot be challenged during that same triennium. The valuation established for the tax year in question, by virtue of the filing of a complaint, is the legally required valuation for the balance of that interim. *Oberlin Manor, Ltd. v. Lorain Cty. Bd. of Revision* (1994), 69 Ohio St.3d 1, 629 N.E.2d 1361.

That is precisely why R.C. 5715.19(D) does not require the filing of another complaint during the same triennium interim in cases where the BOR has not acted in a timely manner and where no additional changes in value have occurred. It would be ludicrous for a property owner to win a reduction in valuation for a given tax year only to face the old higher value in the ensuing tax year simply because the BOR had not issued a determination in a timely manner. The

General Assembly clearly intended for there to be stability in property values where none of the exceptions in R.C. 5715.19(A)(2) applies.

Based on my reading of the above statutory provisions and the Ohio Supreme Court's decisions in *Wolf v. Cuyahoga Cty. Bd. of Revision* (1984), 11 Ohio St.3d 205, 11 OBR 523, 465 N.E.2d 50, *Oberlin Manor,* and *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1996), 74 Ohio St.3d 639, 660 N.E.2d 1179, I would hold that the carryover provision in R.C. 5715.19(D) gives the BOR authority to apply its determination of value for a given tax year to the ensuing tax years within that triennium where there has been no change in value during the ensuing tax years. It does not give the BOR authority to determine a separate property value for each of the remaining "carryover" or "ensuing" years of the triennium involved. Any new valuation would necessarily impinge on the auditor's statutory duty under R.C. 5713.01 to reappraise property when the auditor "finds that the true or taxable values thereof have changed."

While ordinarily county auditors reappraise property only on a sexennial basis and update those appraisals on a triennial basis, county auditors are required under R.C. 5713.01 to revalue property any time the auditor "finds that the true or taxable values thereof have changed." See R.C. 5713.01 and 5715.24. The county auditor, in this case, reappraised appellee's property on an annual basis while the property was undergoing substantial renovation. Because the property's value changed each year as a result of the improvements, the triennium appraisal period did not apply as a limitation on the auditor's ability to reappraise the property in 1995. Further, the triennium period did not limit appellee's and appellant's right to challenge the property's valuation during any or all of the years during which the property experienced a change in value. R.C. 5715.19(A)(2).

The renovations and the changes in value resulting therefrom required the auditor to revalue the property each year, notwithstanding the fact that 1995 was part of the same triennium as 1994. Since the carryover provision in R.C. 5715.19(D) anticipates no substantial change in the value of property, I conclude that the BOR cannot impose its own determination of value for "carry-over" or "ensuing" tax years, where there exists a duty on the part of the county auditor to revalue the property, whether that be by virtue of a triennium review or by virtue of a change in value, such as the renovations here.

Thus, where the BOR, for whatever reason, does not resolve a complaint or counter-complaint in a timely manner during a triennium, the BOR's determination of value for the year in question cannot carry over to ensuing years within that triennium if the property's value has changed during that ensuing year as evidenced by the auditor's valuation. Tax year 1995 represented a new and changed value; consequently, there could be no carryover from the previous

year's valuation even though both years were in the same triennium. There simply was no carryover jurisdiction authorizing the BOR to impose its own, separate valuation.

When the auditor issued his 1995 valuation, either party had the right to file a complaint or counter-complaint challenging that valuation. Conversely, all parties had the right to accept the auditor's valuation. Since all parties accepted the auditor's valuation, the BOR had no authority *"sua sponte"* to alter that valuation.

R.C. 5715.19, as read in its entirety, provides that the carryover and continuing-complaint provision was established merely to provide stability in tax valuations and assessments for a triennium where the property is not otherwise undergoing a change in value. It simply does not apply where continuing reevaluation is necessitated by circumstances such as the substantial renovations here. Consequently, the BOR was without jurisdiction to render its own valuation of the property for the 1995 tax year.

This holding is consistent with the constitutional requirement of uniform tax treatment. Taxpayers' property taxes do not change during a triennium unless there is a substantial change in value. Further, the parties' rights to notice of property tax increases and to present evidence regarding the property's valuation is preserved by keeping the auditor's duties and the subsequent appeal process intact.

I would overrule appellant's assignment of error and affirm the judgment of the trial court.