[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 305.]

COLUMBUS BOARD OF EDUCATION, APPELLEE, *v*. FRANKLIN COUNTY BOARD

OF REVISION ET AL., APPELLEES; INNER CITY CATHOLIC PARISHES, INC.,

APPELLANT.

[Cite as *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 1999-Ohio-69.]

*Taxation—Real property—True value of apartment building—Complaint filed by*
*owner, challenging value for tax year 1993 not decided until tax year*
*1996—Increase of property values by county auditor throughout county*
*for tax year 1996—R.C. 5715.19(D) carryover-value provisions, and*
*continuing-complaint provisions, construed and applied.*

(No. 98-2027—Submitted June 22, 1999—Decided December 22, 1999.)

APPEAL from the Board of Tax Appeals, No. 97-N-374.

———————————

{¶ 1} Inner City Catholic Parishes, Inc., appellant, filed a complaint with the Franklin County Board of Revision ("BOR"), appellee, on March 29, 1994, challenging the value of its apartment building, Nazareth Towers, for tax year 1993. To counter this complaint, the Columbus Board of Education ("BOE"), appellee, on May 27, 1994, filed a complaint seeking an increase in the value of the property.

{¶ 2} The BOR reduced the value of the property from $6,240,000, the value placed on the property by the Franklin County Auditor, to $4,500,000. Inner City appealed this decision to the Board of Tax Appeals ("BTA"), and, on August 30, 1996, the BTA found the true value of the property to be $3,697,000. The BTA further ordered the auditor "to list and assess the subject property in conformity with this Board's decision and order."

{¶ 3} The county officials then redetermined real estate taxes for the property for tax years 1993, 1994, and 1995 based on the reduced value and sent a refund for overpaid taxes to Inner City. Nevertheless, they sent a tax bill to Inner

City for tax year 1996, indicating a true value for the property of $6,552,000, a five-percent increase over the auditor's initial 1993 value. The auditor had increased property values by five percent throughout Franklin County for 1996.

{¶ 4} Inner City, on February 5, 1997, sent a letter to the BOR informing it of this discrepancy and requested that the BOR use the value determined by the BTA as the value for 1996. The BOR, treating Inner City's letter as a continuing complaint for 1993, held a hearing on February 18, 1997, to investigate the situation. The BOR found merit in Inner City's complaint and decreased the property's value in a decision issued March 14, 1997. The BOR applied the five-percent factor to the value determined by the BTA and found the property's new true value to be $3,882,000. The BOE appealed this decision to the BTA.

{¶ 5} At the BTA, the BOE filed a motion to vacate the BOR's decision, and Inner City filed a motion to dismiss the BOE's appeal. The BTA, nevertheless, ruled that proceedings on the 1993 valuation terminated when the BTA issued its August 30, 1996 decision. It further ruled that the decision became conclusive as to all parties when the appeal time ran. It accordingly concluded that the BOR did not have authority to set the value for 1996. The BTA vacated the BOR's decision and reinstated the auditor's value of $6,552,000. Finally, the BTA overruled Inner City's motion to dismiss.

{¶ 6} This cause is now before the court upon an appeal as of right.

_____

*Teaford, Rich & Wheeler*, *Jeffrey A. Rich* and *James R. Gorry*, for appellee Columbus Board of Education.

*Todd W. Sleggs & Associates*, *Todd W. Sleggs* and *Susan French-Skaggs*, for appellant.

_____

***Per Curiam.***

2

**{¶ 7}** We find the BTA's decision to be unlawful and, consequently, reverse it.

**{¶ 8}** Inner City argues that, under R.C. 5715.19(D), the complaint filed for tax year 1993 continued to be valid for 1996 because the value contested in the 1993 complaint was not finally decided until tax year 1996. The BOE responds that the 1993 complaint did not carry over for tax year 1996 and that Inner City needed to file a fresh complaint to contest the 1996 value. We agree with Inner City.

**{¶ 9}** R.C. 5715.19(D) contains carryover-value provisions and continuing-complaint provisions. *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1996), 74 Ohio St.3d 639, 660 N.E.2d 1179; *Concord Columbus, L.P. v. Testa* (1997), 122 Ohio App.3d 205, 701 N.E.2d 449. The statute states:

"(D) The determination of any such complaint shall relate back to the date when the lien for taxes or recoupment charges for the current year attached or the date as of which liability for such year was determined. Liability for taxes and recoupment charges for such year and each succeeding year until the complaint is finally determined and for any penalty and interest for nonpayment thereof with the time required by law shall be based upon the determination, valuation, or assessment as finally determined. * * * If a complaint filed under this section for the current year is not determined by the board [of revision] within [ninety days after the filing of the complaint], the complaint and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board. In such case, the original complaint shall continue in effect without further filing by the original taxpayer, his assignee, or any other person or entity authorized to file a complaint under this section."

**{¶ 10}** Under R.C. 5717.03, in appeals from boards of revision, the BTA must determine the taxable value of the property and certify the decision to, *inter*

*alios*, the county auditor. When the BTA's order becomes final, the tax officials, including the county auditor, must "make the changes in their tax lists or other records which the decision requires." Evidently, the Franklin County Auditor did not execute this obligation in this case. The auditor should have automatically carried over the 1993 value determined in 1996 by the BTA for tax year 1996. *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, *supra*.

{¶ 11} According to R.C. 5715.19(D), the complaint for 1993 continued as a valid complaint into tax year 1996, when the BTA finally determined the 1993 complaint. According to this statute, the original, 1993 complaint "shall continue in effect without further filing by the original taxpayer, his assignee, or any other person or entity authorized to file a complaint under this section." We do not follow the path the BTA took in declaring that the August 30, 1996 decision terminated the proceedings. We interpret R.C. 5715.19(D) to mean that the 1993 complaint continued to be valid for tax year 1996 and that Inner City was not required to file a fresh complaint for that year. Of course, a fresh complaint filed by Inner City or the BOE would have halted the automatic carryover of the value determined in the 1993 complaint. *Cincinnati School Dist. Bd. of Edn.* Thus, the BOR had jurisdiction over this complaint for tax year 1996 without further filing by Inner City.

{¶ 12} Accordingly, we hold that the BTA's decision is unlawful and reverse it. On remand, we order the BTA to reinstate the BOR's decision.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs separately.

————————————

**COOK, J.**

4

{¶ 13} I concur with the majority's opinion but write separately with further support for the majority's determination.

{¶ 14} The case before us concerns the BOR's jurisdiction over taxpayer complaints under the continuing-complaint provision of R.C. 5715.19(D). Specifically, we are asked to determine if Inner City's 1993 complaint continued through 1996 (the year of the BTA's decision concerning the 1993 complaint), providing the BOR with jurisdiction to adjust the value of the property for that year.

{¶ 15} To invoke BOR jurisdiction, a taxpayer must ordinarily file with the BOR a complaint for the tax year at issue. See R.C. 5715.19; R.C. 5715.13; *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 67 O.O.2d 296, 313 N.E.2d 14. R.C. 5715.19(D) provides an exception to that requirement where a complaint has previously been filed with the BOR and its determination is pending or on appeal. In those situations the continuing-complaint rule provides the BOR with jurisdiction over the years following the original complaint year until the complaint has been "finally determined." During that period, the original complaint "continues" and the taxpayer is relieved of the burden of filing additional complaints. *Concord Columbus, L.P. v. Testa* (1997), 122 Ohio App.3d 205, 701 N.E.2d 449.

{¶ 16} The issue of when a complaint ceases to continue under this statute—the crux of this appeal—has not been addressed by this or other courts. The BTA, in its decision below, concluded that under finality principles, the BOR's jurisdiction over the 1996 year ended when the BTA issued its August 1996 decision finally determining the 1993 complaint. The majority, in contrast, did not consider general principles of finality but looked solely at the language of R.C. 5715.19(D) and concluded that the statute by its terms continues the complaint throughout the determination year. Although I agree with the majority's disposition, I believe that further consideration of the language of R.C. 5715.19(D) and the underlying statutory scheme is warranted to refine the majority's rationale.

**{¶ 17}** Unlike the majority, I consider the language of the statute to be ambiguous as to whether an original complaint, and therefore jurisdiction, continues for the entire determination year. The relevant portion of R.C. 5715.19(D) states that the complaint will be continued "as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal." This language could be read either to include the determination year or to end jurisdiction midyear, at the time of the final determination. A review of the statutory scheme surrounding R.C. 5715.19(D), however, helps answer some of that uncertainty and convinces me that the majority's interpretation is appropriate.

**{¶ 18}** The interplay between subsection (A)(2) and subsection (D) of R.C. 5725.19 provides us with some sense of the legislative intent behind this statute. As stated earlier, the purpose of the continuing-complaint provision in subsection (D) is to relieve taxpayers from filing complaints for each year that the case on the original complaint is still pending. Without that statute, a taxpayer would be compelled to file a complaint each year in order to retain BOR jurisdiction, despite the fact that the original complaint is still being considered. Notably, R.C. 5715.19(A)(2) also concerns the number of complaints that a taxpayer may file, limiting that number to no more than one complaint in a triennial period, with four exceptions.

**{¶ 19}** Read together, these statutes suggest a legislative intent to avoid unnecessary burdens to both the taxpayer and the BOR by eliminating redundant complaints. Additional complaints in those instances would only constitute meaningless hurdles. As the BTA recognized in *Zaremba v. Summit Cty. Bd. of Revision* (Nov. 8, 1996), BTA No. 94-B-1290, R.C. 5715.19(D) was enacted "to avoid the vain acts of the annual filing of applications [and complaints], the resultant rejection, and the multiple appeals with the board of revision and the board of tax appeals." Because the majority's interpretation of the continuing-complaint

provision eliminates one more complaint, it is consistent with, and furthers, the statute's purpose.

{¶ 20} Maybe even more compelling, however, is the fact that the BTA's interpretation of R.C. 5715.19(D), when applied in conjunction with subsection (A)(2), could result in inadvertent injustice to certain taxpayers. Assume, for instance, that a taxpayer filed a complaint in 1993, the first year of a triennial period, and the complaint was finally determined on appeal in 1995. If the final decision revalued the property for 1993 but carried it over only to the 1994 tax year, the taxpayer would likely request the BOR also to carry over the 1993 value to 1995. See, *e.g.*, *Horizon S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (Apr. 28, 1989), BTA Nos. 87-B-312 and 87-B-313 (involving a somewhat similar situation where the taxpayer requested the same relief). Under the BTA's interpretation of R.C. 5715.19(D), however, the BOR would have no jurisdiction over 1995 because it was the determination year. Accordingly, the taxpayer would be required to file a new complaint for 1995 in order to invoke BOR jurisdiction.

{¶ 21} But, under R.C. 5715.19(A)(2), the taxpayer would be prohibited from doing so because that section generally limits the taxpayer to one complaint per triennial period. The taxpayer would, therefore, have no means of accessing the BOR for resolution of this issue. This unfair outcome cannot have been the result the General Assembly intended when drafting this provision. Such a reading of the statute should be rejected in favor of the more reasonable interpretation.

{¶ 22} Furthermore, the BTA's interpretation of R.C. 5715.19(D) ending BOR jurisdiction upon the final determination of the complaint becomes less plausible when we consider that it would result in the possibility of BOR jurisdiction over a partial year. If we read the statute so that the final determination of the complaint ends jurisdiction, it follows that jurisdiction existed prior to that determination for the first part of that year. This cannot have been the intended

result of this provision, as the taxation statutes supply no support for the concept of jurisdiction over partial years.

{¶ 23} In addition to these statutory considerations, we acknowledge the principle that ambiguous tax provisions must be resolved in favor of the taxpayer, except when the ambiguity involves an exemption. See *B.F. Goodrich Co. v. Peck* (1954), 161 Ohio St. 202, 53 O.O. 91, 118 N.E.2d 525; *Lakefront Lines, Inc. v. Tracy* (1996), 75 Ohio St.3d 627, 665 N.E.2d 662. Here, the statute could be read either to require filing of a new complaint for the determination year or to relieve the taxpayer of that duty, depending upon whether the complaint "continues" into that year. Because that ambiguity should be resolved in the taxpayer's favor, the proper construction of the statute is that the complaint continues throughout the determination year, thereby eliminating the need for a new complaint.

{¶ 24} Based upon the above, I believe the majority's interpretation of the statute is the most reasonable. Consequently, I agree that the BOR had jurisdiction throughout 1996 and therefore had the authority to correct the value of Inner City's property for that year.

———————————