Cook, J.,
concurring. I concur with the majority’s opinion but write separately with further support for the majority’s determination.
The case before us concerns the BOR’s jurisdiction over taxpayer complaints under the continuing-complaint provision of R.C. 5715.19(D). Specifically, we are asked to determine if Inner City’s 1993 complaint continued through 1996 (the year of the BTA’s decision concerning the 1993 complaint), providing the BOR with jurisdiction to adjust the value of the property for that year.
To invoke BOR jurisdiction, a taxpayer must ordinarily file with the BOR a complaint for the tax year at issue. See R.C. 5715.19; R.C. 5715.13; Stanjim Co. v. Mahoning Cty. Bd. of Revision (1974), 38 Ohio St.2d 233, 67 O.O.2d 296, 313 N.E.2d 14. R.C. 5715.19(D) provides an exception to that requirement where a complaint has previously been filed with the BOR and its determination is pending or on appeal. In those situations the continuing-complaint rule provides the BOR with jurisdiction over the years following the original complaint year until the complaint has been “finally determined.” During that period, the original complaint “continues” and the taxpayer is relieved of the burden of filing additional complaints. Concord Columbus, L.P. v. Testa (1997), 122 Ohio App.3d 205, 701 N.E.2d 449.
The issue of when a complaint ceases to continue under this statute — the crux of this appeal — has not been addressed by this or other courts. The BTA, in its decision below, concluded that under finality principles, the BOR’s jurisdiction over the 1996 year ended when the BTA issued its August 1996 decision finally determining the 1993 complaint. The majority, in contrast, did not consider general principles of finality but looked solely at the language of R.C. 5715.19(D) and concluded that the statute by its terms continues the complaint throughout the determination year. Although I agree with the majority’s disposition, I *309 believe that further consideration of the language of R.C. 5715.19(D) and the underlying statutory scheme is warranted to refine the majority’s rationale.
Unlike the majority, I consider the language of the statute to be ambiguous as to whether an original complaint, and therefore jurisdiction, continues for the entire determination year. The relevant portion of R.C. 5715.19(D) states that the complaint will be continued “as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal.” This language could be read either to include the determination year or to end jurisdiction midyear, at the time of the final determination. A review of the statutory scheme surrounding R.C. 5715.19(D), however, helps answer some of that uncertainty and convinces me that the majority’s interpretation is appropriate.
The interplay between subsection (A)(2) and subsection (D) of R.C. 5725.19 provides us with some sense of the legislative intent behind this statute. As stated earlier, the purpose of the continuing-complaint provision in subsection (D) is to relieve taxpayers from filing complaints for each year that the case on the original complaint is still pending. Without that statute, a taxpayer would be compelled to file a complaint each year in order to retain BOR jurisdiction, despite the fact that the original complaint is still being considered. Notably, R.C. 5715.19(A)(2) also concerns the number of complaints that a taxpayer may file, limiting that number to no more than one complaint in a triennial period, with four exceptions.
Read together, these statutes suggest a legislative intent to avoid unnecessary burdens to both the taxpayer and the BOR by eliminating redundant complaints. Additional complaints in those instances would only constitute meaningless hurdles. As the BTA recognized in Zaremba v. Summit Cty. Bd. of Revision (Nov. 8, 1996), BTA No. 94-B-1290, R.C. 5715.19(D) was enacted “to avoid the vain acts of the annual filing of applications [and complaints], the resultant rejection, and the multiple appeals with the board of revision and the board of tax appeals.” Because the majority’s interpretation of the continuing-complaint provision eliminates one more complaint, it is consistent with, and furthers, the statute’s purpose.
Maybe even more compelling, however, is the fact that the BTA’s interpretation of R.C. 5715.19(D), when applied in conjunction with subsection (A)(2), could result in inadvertent injustice to certain taxpayers. Assume, for instance, that a taxpayer filed a complaint in 1993, the first year of a triennial period, and the complaint was finally determined on appeal in 1995. If the final decision revalued the property for 1993 but carried it over only to the 1994 tax year, the taxpayer would likely request the BOR also to carry over the 1993 value to 1995. See, e.g., Horizon S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision (Apr. 28, 1989), BTA *310 Nos. 87-B-312 and 87-B-313 (involving a somewhat similar situation where the taxpayer requested the same relief). Under the BTA’s interpretation of R.C. 5715.19(D), however, the BOR would have no jurisdiction over 1995 because it was the determination year. Accordingly, the taxpayer would be required to file a new complaint for 1995 in order to invoke BOR jurisdiction.
But, under R.C. 5715.19(A)(2), the taxpayer would be prohibited from doing so because that section generally limits the taxpayer to one complaint per triennial period. The taxpayer would, therefore, have no means of accessing the BOR for resolution of this issue. This unfair outcome cannot have been the result the General Assembly intended when drafting this provision. Such a reading of the statute should be rejected in favor of the more reasonable interpretation.
Furthermore, the BTA’s interpretation of R.C. 5715.19(D) ending BOR jurisdiction upon the final determination of the complaint becomes less plausible when we consider that it would result in the possibility of BOR jurisdiction over a partial year. If we read the statute so that the final determination of the complaint ends jurisdiction, it follows that jurisdiction existed prior to that determination for the first part of that year. This cannot have been the intended result of this provision, as the taxation statutes supply no support for the concept of jurisdiction over partial years.
In addition to these statutory considerations, we acknowledge the principle that ambiguous tax provisions must be resolved in favor of the taxpayer, except when the ambiguity involves an exemption. See B.F. Goodrich Co. v. Peck (1954), 161 Ohio St. 202, 53 O.O. 91, 118 N.E.2d 525; Lakefront Lines, Inc. v. Tracy (1996), 75 Ohio St.3d 627, 665 N.E.2d 662. Here, the statute could be read either to require filing of a new complaint for the determination year or to relieve the taxpayer of that duty, depending upon whether the complaint “continues” into that year. Because that ambiguity should be resolved in the taxpayer’s favor, the proper construction of the statute is that the complaint continues throughout the determination year, thereby eliminating the need for a new complaint.
Based upon the above, I believe the majority’s interpretation of-the statute is the most reasonable. Consequently, I agree that the BOR had jurisdiction • throughout 1996 and therefore had the authority to correct the value of Inner City’s property for that year.