[Cite as *Fogg-Akron Assoc., L.P. v. Summit Cty. Bd. of Revision,* 124 Ohio St.3d 112, 2009-Ohio-6412.]

FOGG-AKRON ASSOCIATES, L.P., APPELLANT, *v*. SUMMIT COUNTY BOARD OF

REVISION ET AL., APPELLEES.

[Cite as *Fogg-Akron Assoc., L.P. v. Summit Cty. Bd. of Revision,*

124 Ohio St.3d 112, 2009-Ohio-6412.]

*Taxation — Real property valuation — Burden of proof on appeal to the BTA —*

*Multiple tax years and consistency.*

(No. 2009-0316 — Submitted December 2, 2009 — Decided

December 10, 2009.)

APPEAL from the Board of Tax Appeals, No. 2006-A-1793.

_____

**Per Curiam.**

{¶ 1} Appellant, Fogg-Akron Associates, L.P. ("Fogg" or "owner"), appeals from a decision of the Board of Tax Appeals ("BTA") concerning the tax-year-2005 update to the value of Fogg's property. The BTA rejected Fogg's challenge to the update and adopted the board of revision's valuation of the property. Because Fogg has not presented an adequate jurisdictional or evidentiary basis for relief, we affirm the BTA's decision.

**Facts**

{¶ 2} On March 30, 2006, Fogg filed a complaint against the tax-year-2005 valuation of a 5.93-acre parcel that Fogg owns in Summit County. The parcel is improved with two 48,000-square-foot warehouse buildings that were constructed in 1989, and the Summit County Fiscal Officer had assigned a true value of $2,934,830 to the property. The complaint states as the sole reason for changing the value that the "County Auditor's valuation exceeds true market value."

**{¶ 3}** At the hearing before the Summit County Board of Revision ("BOR"), Fogg presented the testimony of William McVeigh of Midwest Property Tax, who served as property tax manager for Fogg. McVeigh opined that the property had a value of $2,500,000 based upon declining rent rates and increased vacancy as evidenced by rent rolls and a rent summary. McVeigh also testified that the property had been the subject of a complaint for tax year 2003, and the documentary submission indicated that the BOR found a value of $2,499,870 for tax year 2003 that was carried over to tax year 2004.[1] Finding a lack of probative evidence to change the value assigned by the fiscal officer, the BOR retained the original valuation. Fogg then appealed to the BTA.

**{¶ 4}** The transcript of proceedings at the BTA is sparse. The BTA decision, issued on January 13, 2009, recites that the parties waived the presentation of evidence at a hearing and failed to file briefs.[2]

**{¶ 5}** In its decision, the BTA reviewed the evidence that Fogg had presented to the BOR and concluded that it could not "rely upon or utilize the information presented by Mr. McVeigh to the board of revision because it is insufficient to support the property owner's conclusion of value [$2,500,000]." The BTA faulted the lack of an "appraisal report from a qualified appraiser," noted that the evidence was limited to a "discussion of the history of the property and its vacancy rates," and found that Fogg had failed to "substantiate the value sought." Accordingly, the BTA adopted the county's valuation.

**{¶ 6}** Fogg appealed to the court on February 11, 2009.

**Analysis**

---

1. The school board claims that it had submitted to the BOR an open-end mortgage "dated April 10, 2002, which established a maximum lien on the subject property of $3,600,000." The BTA makes no mention of such a document, and the document does not appear in the BOR transcript.

2. Both parties in fact filed briefs, but not in time to be considered by the board. The school board filed a brief immediately before the BTA issued its decision, and the property owner filed a brief

**{¶ 7}** On appeal, Fogg does not claim that the BTA erred by rejecting the evidence that it presented to the BOR. Instead, Fogg contests the BTA's decision on three grounds.

**{¶ 8}** First, Fogg contends that the "continuing complaint" rule at R.C. 5715.19(D) requires that the value for tax year 2005 should be the same as the value that had been determined for the property pursuant to the complaint Fogg filed for tax year 2003. R.C. 5715.19(D) provides that when a board of revision has not rendered its decision within the statutorily prescribed 90 days, "the complaint and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board."

**{¶ 9}** There is no evidence that the present case involves a continuing complaint. In particular, the record does not show that the proceedings relating to the complaint for tax year 2003 extended into 2005. In plain terms, R.C. 5715.19(D) requires only that a complaint be continued as a valid complaint for an "ensuing year" up to the time that that complaint has been "finally determined by the board [of revision] or upon any appeal." See *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 87 Ohio St.3d 305, 307-308, 720 N.E.2d 517.

**{¶ 10}** Moreover, Fogg actually filed a complaint for tax year 2005, thereby initiating the case that is now before us. As Fogg's counsel explicitly acknowledged at oral argument, we have held that the filing of a "fresh complaint" – in this case, the filing of the current complaint specifically pertaining to tax year 2005 – terminates the continuation of an earlier complaint, as long as the new complaint is procedurally valid. Id., citing *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1996), 74 Ohio St.3d 639, 643,

---

immediately after the BTA issued its decision. No motion to reopen or to reconsider was filed by either party.

660 N.E.2d 1179. Thus, the filing of the 2005 complaint "halted the automatic carryover of the value determined" in the 2003 complaint, even if a factual basis otherwise existed for viewing the 2003 complaint as continuing into tax year 2005. Id.

{¶ 11} Second, Fogg argues that the updated value for 2005, $2,934,800, exceeds the value determined by the BOR for 2003 and 2004 ($2,499,870) by 17 percent. Fogg acknowledges that the fiscal officer had authority to perform an upward adjustment as part of the triennial update in Summit County. See *Cleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 105 Ohio St.3d 404, 2005-Ohio-2285, 827 N.E.2d 306, ¶ 2 (explaining that property must be reappraised every six years with an interim update of value three years after each reappraisal). Without offering evidence, Fogg asserts that the fiscal officer generally raised property values by five percent. Based on this bare assertion, Fogg contends that the 17-percent increase in the valuation of its own property violates the uniformity mandated by R.C. 5713.01(B) and (C).

{¶ 12} This argument fails on both jurisdictional and evidentiary grounds. First, the notice of appeal to this court does not contain any assignment of error that raises the update-percentage issue or the uniformity issue. It follows that we have no jurisdiction to grant Fogg relief on the basis of such an argument. See *Newman v. Levin*, 120 Ohio St.3d 127, 2008-Ohio-5202, 896 N.E.2d 995, ¶ 28. Second, the record contains no evidence regarding what percentage increase the fiscal officer applied to other properties. Therefore, there is no basis for comparing the increase in value of Fogg's property with the increase in value of other properties.

{¶ 13} Finally, Fogg faults the BTA for failing to give evidentiary weight to the earlier year's valuation. Specifically, Fogg asserts that the $2,499,870 valuation determined for tax year 2003 and carried forward to tax year 2004

should have been used to value the property for tax year 2005 as well. This argument fails for two reasons.

{¶ 14} First, although the earlier valuation was orally discussed at the BOR hearing, the only direct documentation of that valuation that has evidentiary force is the "Value Change Notice." That document is not included in the BOR transcript and was presented for the first time as an attachment to Fogg's post-decision brief at the BTA. It follows that the BTA did not err when it failed to consider the document, because the board did not even have the document before it when it issued its decision on January 13, 2009.[3] See *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1996), 76 Ohio St.3d 13, 16-17, 665 N.E.2d 1098 (documents that were "not part of the original record from the BOR and were submitted after the BTA hearing" had to be "disregarded by the BTA").

{¶ 15} But even if the value determined for 2003 and 2004 had properly been documented in the record, Fogg's argument fails as a matter of law. We have held that when determining the true value of real property for the current tax year, the assessor should not accord presumptive or prima facie validity to an earlier year's valuation. See *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 20–21. The reason a prior year's valuation should not be " 'deemed to be correct' " is that it " 'may not be correct.' " Id. at ¶ 21, quoting *Freshwater v. Belmont Cty. Bd. of Revision* (1997), 80 Ohio St.3d 26, 28, 684 N.E.2d 304. A contrary rule would have the effect of carrying forward past errors into the current year's valuation,

---

3. At oral argument, Fogg's counsel suggested that the BTA erred by not ordering the BOR to transmit its valuation of the property for the earlier tax years. See *Blatt v. Hamilton Cty. Bd. of Revision*, 123 Ohio St.3d 428, 2009-Ohio-5260, 916 N.E.2d 1065, ¶ 22, 23. This argument is jurisdictionally barred and has been waived because it appears neither in the notice of appeal nor in Fogg's merit brief. *Newman*, 120 Ohio St.3d 127, 2008-Ohio-5202, 896 N.E.2d 995, ¶ 28; *E. Liverpool v. Columbiana Cty. Budget Comm.*, 116 Ohio St.3d 1201, 2007-Ohio-5505, 876 N.E.2d 575, ¶ 3. In any event, *Blatt* affords no ground for relief here. *Blatt* acknowledges the BTA's discretionary authority under R.C. 5717.01 to "make such investigation concerning the appeal as it deems proper." The record furnishes no basis for finding an abuse of that discretion.

thereby impairing the assessor's ability to determine the correct value for the current tax year. Id.

{¶ 16} In considering all of Fogg's contentions, the dispositive principle is that Fogg, as the appellant before the BTA, bore the burden of proving its proposed value. *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23. Fogg apparently believes that it could satisfy its burden of proof at the BTA by relying on evidence to the effect that neither market conditions nor the state of the property had changed since the earlier years, but Fogg is mistaken. Fogg had an affirmative burden to prove a value as of January 1, 2005. Fogg failed to present probative evidence showing that the value of its property should have been set at $2.5 million, or at *any* amount other than the value determined by the county.

{¶ 17} Having found that Fogg failed to satisfy its burden of proof, the BTA properly adopted the county's valuation of the property. *Colonial Village*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23, 31. We therefore affirm the decision of the BTA.

Decision affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Wayne E. Petkovic, for appellant.

Brindza, McIntyre & Seed, L.L.P., Robert A. Brindza, Daniel McIntyre, David H. Seed, David A. Rose, and Jennifer A. Hoehnen, for appellee Akron City School District Board of Education.

_____