O’Donnell, J.,
dissenting.
{¶ 25} Respectfully, I dissent.
{¶ 26} In my view, the majority loses sight of our limited function in reviewing determinations by the Board of Tax Appeals (“BTA”) of the value of real estate. The majority overrules two BTA rulings: first, its decision not to consider evidence of a transfer of the property when that evidence was submitted after the *375 close of the hearing; and second, its decision that the appraiser’s $588,000 valuation more accurately estimates the value of the property than his $450,000 valuation. Both of these decisions lie squarely within the BTA’s discretionary power to regulate the submission of evidence and determine its probative force. Indeed, it is elemental and undisputed that “[ajbsent a showing of an abuse of discretion, the BTA’s determination as to the credibility of witnesses and the weight to be given to their testimony will not be reversed by this court.” EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 14, citing Witt Co. v. Hamilton Cty. Bd. of Revision, 61 Ohio St.3d 155, 157, 573 N.E.2d 661 (1991). I fail to discern any abuse of discretion on either point.
{¶ 27} As for the sale price, the majority acknowledges that the board of revision (“BOR”) and the BTA both correctly rejected the use of a sale price given that the sale had not yet been consummated. The alleged consummation took place almost a month and a half after the BTA hearing closed, and the general principle is that new evidence may not be submitted after the parties have rested their case at the BTA hearing. Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision, 76 Ohio St.3d 13, 16, 665 N.E.2d 1098 (1996) (“Because these documents were not part of the original record from the BOR and were submitted after the BTA hearing, they must be disregarded by the BTA”); accord Fogg-Akron Assocs., L.P. v. Summit Cty. Bd. of Revision, 124 Ohio St.3d 112, 2009-Ohio-6412, 919 N.E.2d 730, ¶ 14 (BTA justified in not considering evidence submitted not only after hearing but after decision); AP Hotels of Illinois, Inc. v. Franklin Cty. Bd. of Revision, 118 Ohio St.3d 343, 2008-Ohio-2565, 889 N.E.2d 115, ¶ 8, fn. 1 (declining to consider new evidence presented during appeal from BTA’s decision). In my view, that principle amply justified the BTA in declining to consider the documents that Emerson submitted on August 14, 2014.
{¶ 28} Finally, there is the matter of which appraisal valuation is correct. The BTA vacillated, first adopting the $450,000 value set forth in the later appraisal report, then vacating that determination and adopting the $588,000 value from the earlier appraisal report. Whether or not the BTA’s initial determination rested on a clerical error is a matter for resolution by the BTA. What confronts this court is a change in the BTA’s evaluation of the record. Given the appraiser’s testimony regarding the $588,000 valuation, the BTA did not abuse its discretion by adopting that value.
{¶ 29} Accordingly, I would defer to the BTA and affirm its ultimate decision in this case. I therefore dissent from the majority’s decision to vacate the BTA’s decisions and remand the cause to the BTA.
*376 Bailey Cavalieri, L.L.C., and Harlan S. Louis, for appellant.
Kolick & Kondzer, Thomas A. Kondzer, and Matthew Marsalka, for appellee Lorain City School District Board of Education.