WOLF ET AL., APPELLANTS, *v.*
BOARD OF REVISION OF CUYAHOGA COUNTY ET AL., APPELLEES.

[Cite as Wolf *v.* Cuyahoga Cty. Bd. of Revision (1984), 11 Ohio St. 3d 205.]

(No. 83-1575—Decided June 27, 1984.)

*Fred Siegel Co., L.P.A.,* and *Mr. Fred Siegel,* for appellants.

*Mr. John T. Corrigan,* prosecuting attorney, and *Ms. Saundra Curtis-Patrick,* for appellees.

*Per Curiam.* It is well-established that the fair market value of property for tax purposes is a question of fact and its determination is primarily within the province of the taxing authorities. This court will not disturb a decision by the BTA regarding valuation unless that decision is unreasonable or unlawful. *Bd. of Revision* v. *Fodor* (1968), 15 Ohio St. 2d 52 [44 O.O.2d 30]. The question presented is, therefore, whether the valuation of the subject property by the BTA at $5,730,000 was unreasonable or unlawful. This court concludes that it was not.

First, appellants argue that the failure of the BTA to render specific findings of fact and conclusions of law renders the decision *per se* unreasonable and unlawful. In support of this position appellants cite only Ohio Adm. Code 5717-1-52(C) which states in pertinent part:

"In cases heard by attorney examiners * * * the attorney examiner shall * * * make written recommendations to the board, which recommendations may be in the form of a proposed decision or draft which will contain findings of fact and conclusions of law."

On its face, this regulation applies only to attorney examiners and not to a BTA final opinion. After careful examination, this court has found no authority which places a mandatory duty upon the BTA to make separate findings of fact and conclusions of law. Appellants' argument in this regard is without merit.

Appellants next contend, in essence, that the BTA decision was unreasonable and unlawful because it did not adopt their expert's appraisal. They contend that Van Curen's appraisal was the only competent, credible

evidence before the BTA, that only his approach can be used, and that there were severe defects in Chisling's appraisal. This contention is also meritless.

This court has consistently held that the BTA is not obligated to adopt the valuation by any expert or witness. *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13 [73 O.O.2d 83], paragraph two of the syllabus; *Shaker Square Co.* v. *Bd. of Revision* (1960), 170 Ohio St. 369, 374 [11 O.O.2d 75]. Moreover, the BTA possesses wide discretion in evaluating the weight of evidence and credibility of witnesses which come before it. *Cardinal Federal S. & L. Assn.*, *supra*, paragraph three of the syllabus; *Shaker Square Co.*, *supra*; *Benedict* v. *Bd. of Revision* (1959), 170 Ohio St. 62, 63 [10 O.O.2d 458].

A great deal of appellants' argument is devoted to the rebuttal of appellees' expert's testimony. Ultimately they conclude that none of his conclusions is credible enough to be relied on by the BTA. However, such a determination is precisely the kind of factual matter to be decided by the BTA. It is clear from the record that the BTA's final determination represented a compromise between the conflicting positions of the two experts. The BTA's valuation fell between Chisling's lowest and Van Curen's only appraisal of fair market value and was virtually identical to the auditor's original valuation. If anything, the fact that the BTA's figure more closely approximated Van Curen's than it did Chisling's suggests that greater weight and credibility was given the former. There is no indication on the face of the record of any abuse of discretion, nor have appellants proven any violation by the BTA, which would render the decision unreasonable or unlawful.

Appellants also argue that the BTA decision was unreasonable and unlawful because it failed to determine and apply the common level of assessment in Cuyahoga County for 1980 and 1981. Appellees respond that appellants failed to raise the issue in a timely manner because no such issue was presented to the board of revision and because the issue was not raised until after the BTA decision was rendered.

Whether or not the issue was timely presented is immaterial in view of this court's decision in *Columbus Bd. of Edn.* v. *J.C. Penney Properties, Inc.* (1984), 11 Ohio St. 3d 203. There, this court held that the BTA has no authority to determine the common level of assessment on appeal. Under R.C. 5717.03 the BTA is limited to determining the value of the subject property.

Lastly, appellants assert that the failure to render an opinion on valuation for the years 1980 and 1981 renders the BTA decision unreasonable and unlawful. Under R.C. 5715.19(D), the original complaint becomes a carryover complaint until it is finally determined. Therefore, tax years 1980 and 1981 were at issue before the BTA, along with tax year 1979. Appellants urge that the language of that same section compels separate and distinct valuations be established for each year.

R.C. 5715.19(D) states, in pertinent part, as follows:

"The determination of any such complaint shall relate back to the date

when the lien for taxes or recoupment charges for the current year attached or the date as of which liability for such year was determined. Liability for taxes and recoupment charges for such year and each succeeding year until the complaint is finally determined and for any penalty and interest for nonpayment thereof within the time required by law shall be based upon the determination, valuation, or assessment as finally determined."

However, R.C. 5715.19(D) merely provides, for purposes of this case, that tax liability for 1979 and each succeeding year until the BTA's determination must be based upon that determination. Thus, the 1979 valuation also applies to 1980 and 1981. The BTA is under no obligation to render separate determinations of fair market value for succeeding years. Tax year 1979 was the triennial update year for Cuyahoga County. The 1979 tax assessment updates are carried forward to tax years 1980 and 1981 for other Cuyahoga County properties. Consequently, the BTA valuation places appellants in the same position as other taxpayers in that county.

The decision of the Board of Tax Appeals, being supported by probative evidence of record, is reasonable and lawful and must be affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, CASTLE, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, sitting for LOCHER, J.