Per Curiam.

We find the BTA’s decision to be unlawful and, consequently, reverse it.
Inner City argues that, under R.C. 5715.19(D), the complaint filed for tax year 1993 continued to be valid for 1996 because the value contested in the 1993 complaint was not finally decided until tax year 1996. The BOE responds that the 1993 complaint did not carry over for tax year 1996 and that Inner City *307 needed to file a fresh complaint to contest the 1996 value. We agree with Inner City.
R.C. 5715.19(D) contains carryover-value provisions and continuing-complaint provisions. Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision (1996), 74 Ohio St.3d 639, 660 N.E.2d 1179; Concord Columbus, L.P. v. Testa (1997), 122 Ohio App.3d 205, 701 N.E.2d 449. The statute states:
“(D) The determination of any such complaint shall relate back to the date when the lien for taxes or recoupment charges for the current year attached or the date as of which liability for such year was determined. Liability for taxes and recoupment charges for such year and each succeeding year until the complaint is finally determined and for any penalty and interest for nonpayment thereof with the time required by law shall be based upon the determination, valuation, or assessment as finally determined. * * * If a complaint filed under this section for the current year is not determined by the board [of revision] within [ninety days after the filing of the complaint], the complaint and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board. In such case, the original complaint shall continue in effect without further filing by the original taxpayer, his assignee, or any other person or entity authorized to file a complaint under this section.”
Under R.C. 5717.03, in appeals from boards of revision, the BTA must determine the taxable value of the property and certify the decision to, inter alios, the county auditor. When the BTA’s order becomes final, the tax officials, including the county auditor, must “make the changes in their tax lists or other records which the decision requires.” Evidently, the Franklin County Auditor did not execute this obligation in this case. The auditor should have automatically carried over the 1993 value determined in 1996 by the BTA for tax year 1996. Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision, supra.
According to R.C. 5715.19(D), the complaint for 1993 continued as a valid complaint into tax year 1996, when the BTA finally determined the 1993 complaint. According to this statute, the original, 1993 complaint “shall continue in effect without further filing by the original taxpayer, his assignee, or any other person or entity authorized to file a complaint under this section.” We do not follow the path the BTA took in declaring that the August 30, 1996 decision terminated the proceedings. We interpret R.C. 5715.19(D) to mean that the 1993 complaint continued to be valid for tax year 1996 and that Inner City was not required to file a fresh complaint for that year. Of course, a fresh complaint filed by Inner City or the BOE would have halted the automatic carryover of the value determined in the 1993 complaint. Cincinnati School Dist. Bd. of Edn. Thus, *308 the BOR had jurisdiction over this complaint for tax year 1996 without further filing by Inner City.
Accordingly, we hold that the BTA’s decision is unlawful and reverse it. On remand, we order the BTA to reinstate the BOR’s decision.

Decision reversed and cause remanded.

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer and Lundberg Stratton, JJ., concur.
Cook, J., concurs separately.