[Cite as *AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision*, 127 Ohio St.3d 44, 2010-Ohio-4468.]

AERC Saw Mill Village, Inc., Appellant, *v.* Franklin County Board

of Revision et al., Appellees.

[Cite as *AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision*,

127 Ohio St.3d 44, 2010-Ohio-4468.]

*Real property tax — Valuation complaints — R.C. 5715.19(D) — Relation of*

*continuing-complaint provision and carryover provision to reappraisal.*

(No. 2009-1765 — Submitted July 6, 2010 — Decided September 28, 2010.)

Appeal from the Board of Tax Appeals, Nos. 2007-A-764 and 2008-A-157.

_____

Brown, C.J.

{¶ 1} This is an appeal from a decision of the Board of Tax Appeals ("BTA") in a real property valuation case. The Franklin County auditor determined that a value that had been stipulated by the parties for tax year 2002 in a case pending before the BTA should be carried over to tax years 2005 and 2006. The auditor made that determination even though the stipulation occurred after the auditor had conducted the reappraisal for tax year 2005 and had already determined a lower value for the property for that year.

{¶ 2} When the owner objected to the carryover, the Franklin County Board of Revision ("BOR") upheld the auditor's determination, and thereafter, the BTA affirmed. The owner has appealed and argues that the auditor and the BOR should have retained the lower reappraisal valuation for tax years 2005 and 2006.

{¶ 3} We must decide whether the carryover provision of R.C. 5715.19(D) required the county auditor to undo the 2005 reappraisal retroactively and to use instead the value stipulated for tax year 2002 as the value for tax years 2005 and 2006. We conclude that the taxing authorities and the BTA erred, and we therefore reverse and remand for further proceedings.

**Facts**

{¶ 4} Appellant, AERC Saw Mill Village, Inc. ("AERC"), owns a 340-unit residential apartment complex that was constructed in 1986 on a 22.6-acre parcel located in the city of Columbus/Dublin City Schools taxing district. For tax year 2005, the Franklin County auditor performed the reappraisal of property in the county that R.C. 5713.01 requires every six years (the "sexennial reappraisal"), and the auditor determined that the true value of AERC's property was $17,900,000.

{¶ 5} Subsequently, in August 2006, AERC decided to settle a dispute concerning the value of the property for tax year 2002 by stipulating to a value of $20,100,000 for that year in BTA case No. 2005-M-377. The BTA adopted the stipulated value in a decision and order dated September 1, 2006. That decision ordered the auditor to "adjust his tax records for January 1, 2002," in accordance with the stipulated taxable value of $7,035,000.[1] In accordance with the stipulation, the decision also ordered that the "stipulated values be carried forward according to law."

{¶ 6} After the BTA's decision, the auditor changed his valuation and assessment for tax year 2005. The auditor restated the value for 2005 at $20,100,000, based on the theory that the BTA decision required him to carry over the value stipulated for tax year 2002 to tax year 2005. As a matter of course, the 2005 value was also applied to tax year 2006, which was the next year of the new triennial period.

{¶ 7} Because the period for filing a complaint against 2005 valuation had expired at the end of March 2006, R.C. 5715.19(A)(1), AERC challenged the carryover for 2005 by a letter to the BOR that invoked the "continuing complaint" jurisdiction of the board pursuant to R.C. 5715.19(D). As for tax year 2006,

---

1. Because the taxable value of real property in Ohio is 35 percent of the property's true value, a taxable value of $7,035,000 correlates to a true value of $20,100,000.

AERC filed a valuation complaint on March 28, 2007, seeking to restore the reappraisal value of $17,900,000 for tax year 2006. The BOR held separate hearings for the two tax years, and at each hearing, counsel for AERC advanced the legal argument that the auditor should not have carried the 2002 valuation over to tax years 2005 and 2006.

**{¶ 8}** The BOR rejected AERC's contention as to both tax years. The BOR concluded that because AERC presented no affirmative evidence of value, the auditor's carryover of the $20,100,000 valuation should be retained. AERC appealed both decisions to the BTA. The appeals were consolidated. At the BTA, the parties waived a hearing and submitted the case on a stipulated evidentiary record that, in addition to the transcript certified by the BOR, consisted of the county's formal responses to AERC's request for admissions, along with attached documentation.

**{¶ 9}** The BTA issued a single decision that addressed both tax years. *AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision* (Sept. 1, 2009), BTA Nos. 2007-A-764 and 2008-A-157, 2009 WL 2846576. Citing *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 87 Ohio St.3d 305, 720 N.E.2d 517, and its own earlier decision in *David W. Swetland Bldg. Co. v. Cuyahoga Cty. Bd. of Revision* (June 30, 2005), BTA Nos. 2003-A-1183, 2003-A-1184, 2003-A-2107, and 2003-A-2108, 2005 WL 1618198, the BTA stated, "With no complaint filed for tax year 2005 to otherwise suspend the application of the carryover provision, we find that the Franklin County Auditor properly carried the values determined by the BTA for tax year 2002 forward into tax year 2005." *AERC Saw Mill Village, Inc.*, at 7. With respect to tax year 2006, the BTA observed that AERC in essence sought to carry forward the reappraisal value that the auditor had originally determined for tax year 2005. Because AERC had presented no evidence in support of the lower number, the BTA

concluded that the BOR properly retained the higher value for tax year 2006 as well. Id. at 8-9. AERC has appealed, and we now reverse.

### Analysis

*The continuing-complaint provision of R.C. 5715.19(D) conferred jurisdiction on the BOR and the BTA to review the auditor's reappraisal and redetermination of value for tax year 2005*

{¶ 10} Although no party has asserted a lack of jurisdiction for tax year 2005, the court has a duty to ensure that the tribunals below did have jurisdiction with respect to tax year 2005. As the BTA stated, AERC did not file a complaint regarding tax year 2005, but the filing of such a complaint was not necessary under the circumstances for the tribunals below to obtain jurisdiction. R.C. 5715.19(D) states as follows:

{¶ 11} "If a complaint filed under this section for the current year is not determined by the board within the time prescribed for such determination, the complaint and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board. In such case, the original complaint shall continue in effect without further filing by the original taxpayer, the original taxpayer's assignee, or any other person or entity authorized to file a complaint under this section."

{¶ 12} This is known as the continuing-complaint provision, and its operation is triggered when the BOR does not issue a decision within the time frame set forth in R.C. 5715.19(C). We have summarized the operation of these divisions of the statute by stating that "when a board of revision has not rendered its decision within the statutorily prescribed 90 days, 'the complaint and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined.' " *Fogg–Akron Assoc., L.P. v. Summit Cty. Bd. of Revision*, 124 Ohio St.3d 112,

2009-Ohio-6412, 919 N.E.2d 730, ¶ 8, quoting R.C. 5715.19(D). Once the continuing-complaint provision has been triggered, the original complaint – in this case, the complaint filed for the 2002 tax year – continues as a valid complaint through the year in which the final decision, by the board of revision or on appeal, is rendered in the proceedings on that complaint. *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 87 Ohio St.3d 305, 307, 720 N.E.2d 517.

{¶ 13} From the foregoing, it follows that if the BOR in the 2002-tax-year case had issued its decision within 90 days of the filing of the valuation complaint pertaining to that earlier tax year, then the continuing-complaint provision would not apply. As a result, the BOR would not have had jurisdiction to consider the auditor's reappraisal for tax year 2005 or his decision to displace the reappraisal value with the stipulated value for 2002.

{¶ 14} In the present case, no party has contended that the 90-day requirement was satisfied. Moreover, although the record in the tax-year-2002 case is not before us, we do not question the applicability of the continuing-complaint provision for two reasons. First, the presumption of regularity requires that we presume that the lower tribunals predicated their merits rulings upon a proper jurisdictional basis. *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 13, quoting *Wheeling Steel Corp. v. Evatt* (1944), 143 Ohio St. 71, 28 O.O. 21, 54 N.E.2d 132, paragraph seven of the syllabus. Second, the BTA decision in the 2002-tax-year case bears a 2005 case number at the BTA, indicating that the BOR decision in the 2002 case was not appealed to the BTA until 2005. Because an aggrieved party must appeal a board of revision decision to the BTA within 30 days, R.C. 5717.01, it follows that the BOR issued its decision in late 2004 at the earliest. Therefore, the 2002 complaint was continued as a jurisdictionally viable

means of reviewing property value in later years until tax year 2006 – the year when the 2002 value was finally determined.

*The carryover provision of R.C. 5715.19(D) should be read*

*in pari materia with the statutes that require the auditor to reappraise*

*and update the valuation of real property*

{¶ 15} On the merits, this case presents the question whether R.C. 5715.19(D) required the auditor to use the 2002 stipulated value for tax year 2005. When a BTA decision is appealed, this court looks to see if that decision was reasonable and lawful. R.C. 5717.04; *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14. In reviewing a BTA decision under this standard, we acknowledge that " '[t]he BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations,' this court will affirm them." Id., quoting *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483. On the other hand, the court " 'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.' " Id., quoting *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789. The issue of how to apply R.C. 5715.19(D) to the undisputed facts requires us to decide a purely legal issue.[2]

{¶ 16} The starting point for that analysis is to examine the statutory language at issue. R.C. 5715.19(D) states:

{¶ 17} "Liability for taxes and recoupment charges for such year and each succeeding year until the complaint is finally determined and for any penalty and

---

2. The school board argues that AERC invited or acquiesced in the carryover of the 2002 stipulated value to tax year 2005 based on the language of the stipulation submitted to the BTA in connection with the 2002-tax-year valuation. We disagree. The language of the stipulation and the BTA decision merely provide that the 2002 value should be "carried forward according to law." It follows that AERC did not explicitly agree to carry the value forward to 2005 and also that the issue before us is whether the law required the auditor to carry the 2002 value forward to 2005.

interest for nonpayment thereof within the time required by law shall be based upon the determination, valuation, or assessment as finally determined."

{¶ 18} Appellee Dublin City Schools Board of Education urges that the auditor, the BOR, and the BTA correctly applied the quoted carryover language in this case. According to the school board, because the tax-year-2002 complaint was not "finally determined" until the BTA decision in September 2006, the tax officials acted properly in carrying the stipulated 2002 value of $20,100,000 over to tax years 2005 and 2006. In response, AERC does not question the school board's reading of the statute but instead points to the auditor's duties under other statutes – duties that stand in potential conflict with the mandate that the redetermined value for an earlier tax year be carried over to the next year.

{¶ 19} As the county's tax assessor, the county auditor is required to value and assess property tax against the taxable property in the county. R.C. 5713.01(B) and 5713.03. Specifically, the auditor must reappraise property values once every six years and update the values at the interim three-year point. R.C. 5713.01(B), 5713.03, 5715.33, and 5715.24; Ohio Adm.Code 5703-25-16(B); *Cleveland Mun. School Dist. Bd. of Edn.*, 105 Ohio St.3d 404, 2005-Ohio-2285, 827 N.E.2d 306, ¶ 2. In addition to the periodically required adjustments, the auditor is under a standing duty to "revalue and assess at any time all or any part of the real estate in such county * * * where the auditor finds that the true or taxable values thereof have changed." R.C. 5713.01(B). This duty might be triggered by an arm's-length sale; the statutes require the auditor to consider the sale price to be the value of the property. R.C. 5713.03. Or the reporting of an improvement or casualty to the property might lead to a revaluation and reassessment. See *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 43.

{¶ 20} In this case, the auditor encountered potentially conflicting duties. Having carried out his statutory duty to reappraise the property at issue for tax

7

year 2005, the auditor would have been led by the statutes to use and retain that value for 2005 and 2006. But instead, the auditor treated the 2006 stipulation of value for tax year 2002 as retroactively superseding the 2005 reappraisal value. AERC argues that this conflict in the auditor's duties under different statutes calls for a harmonizing construction that gives effect to the various statutes while avoiding absurd and unintended outcomes.

{¶ 21} We agree. To give full literal effect to the carryover provision and allow it to supersede the auditor's ongoing duty to value and revalue real property leads to the absurd result that the assessor arrived at in the present case. Here, a revaluation of the property for tax year 2005 was displaced by a different value stipulated for January 1, 2002, that no one had determined or agreed constituted the value on January 1, 2005, or January 1, 2006.

{¶ 22} To be sure, the carryover does properly apply to a subsequent year in which the auditor has *not* performed a new valuation of the property pursuant to his statutory duties. But to allow the carryover to displace a new valuation both defeats the purposes of the valuation statutes and thwarts the constitutional mandate that "[l]and and improvements thereon" be "taxed by uniform rule according to value." Section 2, Article XII, Ohio Constitution.

{¶ 23} Our cases have recognized situations, both generally and in regard to construing R.C. 5715.19, in which conflicting statutes and competing mandates must be read in a manner designed to harmonize the different statutory provisions. See *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1996), 74 Ohio St.3d 639, 642, 660 N.E.2d 1179 (construing "competing portions" of R.C. 5715.19 in a manner designed to "harmonize" them); *United Tel. Co. v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129 ("in reading such statutes *in pari materia*, and construing them together, this court must give such a reasonable construction as to give the proper force and effect to each and all such statutes"); *State ex rel. Cordray v. Midway Motor Sales, Inc.*, 122 Ohio St.3d 234,

8

2009-Ohio-2610, 910 N.E.2d 432, ¶ 25, citing *Maxfield v. Brooks* (1924), 110 Ohio St. 566, 144 N.E.2d 725, paragraph two of the syllabus; *Couts v. Rose* (1950), 152 Ohio St. 458, 461, 40 O.O. 482, 90 N.E.2d 139.

**{¶ 24}** Indeed, our reasoning in *Cincinnati School Dist.* controls in the present case. In *Cincinnati*, the property value for 1989 had been challenged by complaint and was adjusted on appeal. Meanwhile, the owner filed a new complaint for tax year 1990, which was the year of a triennial update in Hamilton County. The school board did not offer evidence of value below but argued on appeal that the valuation as determined on the 1989 complaint should be carried over to 1990. We disagreed, holding that "the filing of a valid new complaint in the second triennium stops, for the tax year at issue and succeeding years, the automatic carryover of the value determined under a prior complaint." 74 Ohio St.3d at 642-643, 660 N.E.2d 1179. Accord *Fogg–Akron Assoc.*, 124 Ohio St.3d 112, 2009-Ohio-6412, 919 N.E.2d 730, ¶ 10.

**{¶ 25}** Just as the school board in the present case argues that the carryover provision trumps the 2005 sexennial appraisal, the board of education in *Cincinnati* contended that the plain language of the carryover provision trumped the board of revision's duty to hear the fresh complaint for the new triennium. We rejected that contention, finding that the owner's right to file a complaint for the new triennium potentially conflicted with the carryover and continuing-complaint provisions. That conflict necessitated a harmonizing construction, under which the fresh complaint prevailed against the carryover. By the same logic, the carryover provision should not have displaced the statutory reappraisal in this case.

*Under the case law, the auditor may perform the triennial update and the sexennial reappraisal in spite of the carryover provision of R.C. 5715.19(D)*

**{¶ 26}** *Cincinnati School Dist.* is also instructive in another respect. In that case, the first complaint concerned tax year 1989, and the second complaint

concerned tax year 1990, which was the first year of the new triennial interim period in Hamilton County. By allowing the consideration of the second complaint, the court continued the practice in previous cases of applying the carryover only within one triennium. See *Wolf v. Cuyahoga Cty. Bd. of Revision* (1984), 11 Ohio St.3d 205, 208, 11 OBR 523, 465 N.E.2d 50 (holding that the value determined for first year of triennial period should be carried forward to the next two years); *Oberlin Manor, Ltd. v. Lorain Cty. Bd. of Revision* (1994), 69 Ohio St.3d 1, 2, 629 N.E.2d 1361 ("The final determination of Oberlin Manor's complaint as to the assessment of real property taxes for 1982 applies to the subsequent years *in the same triennium*" [emphasis added]).

{¶ 27} On this point, an even more significant case is *Columbus Bd. of Edn.*, 87 Ohio St.3d 305, 720 N.E.2d 517. While *Cincinnati* involved the collision of the carryover provision with the board of revision's statutory duty to hear a fresh complaint, the court in *Columbus Bd. of Edn.* (often referred to as *Inner City*, after the property owner) addressed the interaction of the carryover and the triennial update.

{¶ 28} In *Inner City*, the owner had filed a complaint for tax year 1993, which was finally determined at the BTA in August 1996. The county effectuated that decision by applying the reduced value to tax years 1993, 1994, and 1995. For 1996, however – a triennial update year – the county assessed the property at a standard 5 percent markup from the previous value. But instead of using the re-determined value for 1993, the auditor used the 1993 value *as originally determined*. The court held that the county had erred – the 5 percent markup should have been applied to the redetermined value, not to the value as originally determined.

{¶ 29} The school board misconstrues the decision in *Inner City*. *Inner City* focused not on the carryover provision of R.C. 5715.19(D) but rather on the continuing-complaint provision of R.C. 5715.19(D): the court held that the board

of revision had jurisdiction under the continuing-complaint provision to make the proper adjustment to the auditor's 1996 valuation of the property.

{¶ 30} The significant aspect of *Inner City* for this case is that the auditor was permitted to perform the update in spite of the carryover provision – the only effect of the earlier complaint being that the update percentage must be applied to the value of the earlier year as redetermined. By the same logic as applied in *Inner City*, the auditor's sexennial reappraisal of AERC's property should have been permitted to stand in the present case.

{¶ 31} We emphasize that the point to be drawn from *Cincinnati* and *Inner City* is not that the carryover provision is effective only within a triennium, i.e., the three-year interim period between updates or reappraisals.[3] See R.C. 5715.19(A)(2) (defining "interim period"). Instead, the point established by the case law is that the carryover provision operates with full force only when the auditor is not under a separate statutory duty to adjust the value assigned to the property.

{¶ 32} Typically, the auditor does carry over the value from the first year of a triennium to the next year, unless some event that triggers a need to change the valuation. In those instances, R.C. 5715.19(D) establishes that the figure the auditor uses when carrying forward a previous year's value is the value as redetermined through the proceedings conducted on a valuation complaint. But when the auditor performs a new valuation pursuant to a separate statutory duty

---

3. The school board regards *Cleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 105 Ohio St.3d 404, 2005-Ohio-2285, 827 N.E.2d 306, as authority for a mandatory carryover of a value determined by the BTA into a new triennial period. The school board is mistaken, because the court in that case did not reach the issue of whether a BTA-determined value should be carried over into the new triennial period. Instead of addressing the merits of carrying over or reducing the value, the court declined to view the untimely filed complaint as invoking the continuing-complaint jurisdiction for certain earlier years and ordered dismissal for lack of jurisdiction. In doing so, the court observed that continuing-complaint jurisdiction still existed for two tax years, and the court held that the BTA's affirmance of certain adjustments performed by the auditor for those two years was "premature." Id. at ¶ 23, 25.

for any year subsequent to the filing of a valuation complaint, that newly determined value constitutes the value for that year. Moreover, that new value can be displaced only by a showing that some other value is correct.

**{¶ 33}** The foregoing discussion establishes that the auditor erred by retroactively applying the carryover to displace his 2005 reappraisal value for the property. We therefore reverse the BTA's determination in BTA No. 2008-A-157 and order that the $17,900,000 reappraisal value be restored as the value of the property for tax year 2005. Moreover, as for the 2006 tax year, unless some event justified a change in valuation, the 2005 reappraisal value would ordinarily be assigned to the second year of the triennium. This principle leads us to reverse the BTA's determination in BTA No. 2007-A-764 and order that the $17,900,000 be assigned as the true value of the property for the 2006 tax year as well.

*The case is remanded to permit the school board to challenge the 2005 reappraisal valuation of the property*

**{¶ 34}** Our conclusion that we must reverse the BTA's decision raises the further question whether we should remand for further proceedings.

**{¶ 35}** We have already discussed how the operation of the continuing-complaint provision permitted AERC to challenge the auditor's decision to change the 2005-tax-year valuation (¶ 10-14, above). By "continuing" the proceedings conducted under the complaint filed for an earlier tax year "as a valid complaint for any ensuing year until such complaint is finally determined," R.C. 5715.19(D) creates ongoing jurisdiction in the pending case to (1) carry over the value determined for the year at issue and (2) hear objections to later actions taken by the auditor that change the value of the property during those ensuing years. Any party to the 2002-tax-year proceedings may avail itself of the continuation of the complaint: the statute explicitly permits continued jurisdiction without further filing by "the original taxpayer, the original taxpayer's assignee, or any other person or entity authorized to file a complaint under this section."

12

**{¶ 36}** It follows that the school board did not need to file a complaint in order to challenge the 2005 reappraisal value of $17,900,000. Moreover, as to the 2006 tax year, AERC's complaint and the school board's countercomplaint created jurisdiction in the BOR to determine the value for that year.[4]

**{¶ 37}** Because the auditor erroneously carried over the 2002 value and displaced the 2005 reappraisal value, the school board had no incentive to present any evidence that it might have supporting a value of $20,100,000 for the property as of January 1, 2005. Additionally, because the auditor also assigned $20,100,000 as the value of the property for tax year 2006, the school board was deprived of its incentive to present evidence in support of its countercomplaint regarding the property's value on January 1, 2006.

**{¶ 38}** Under these circumstances, we find it appropriate to remand the case to the BTA with the instruction that the school board be afforded an opportunity to present additional evidence of the property's value for tax years 2005 and 2006. On remand, the BTA may exercise discretion to determine whether additional hearings are necessary and whether evidence should be presented to the BTA itself or to the BOR.

### Conclusion

**{¶ 39}** For the reasons set forth previously, we conclude that the BTA erred by upholding the carryover of the 2002 value to 2005 and 2006. We therefore reverse and remand in accordance with the foregoing opinion.

Decision reversed

and cause remanded.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

---

4. As an alternative to litigating a later value change in the pending proceedings, an affected person may file a fresh complaint that challenges the valuation in the later year. See *Fogg–Akron Assoc., L.P.*, 124 Ohio St.3d 112, 2009-Ohio-6412, 919 N.E.2d 730, ¶ 10. The filing of a jurisdictionally valid fresh complaint terminates the continuation of the earlier complaint under R.C. 5715.19(D). Id.

O'DONNELL, J., concurs in reversing the decision of the Board of Tax Appeals but would not remand the cause.

LANZINGER, J., concurs in judgment only.

_____

Siegel, Siegel, Johnson & Jennings, L.P.A., J. Kieran Jennings, and Jason P. Lindholm, for appellant.

Rich & Gillis Law Group, Mark H. Gillis, and Allison J. Crites, for appellee Dublin City Schools Board of Education.

_____