[Cite as *1495 Jaeger L.L.C. v. Cuyahoga Cty. Bd. of Revision,* 132 Ohio St.3d 222, 2012-Ohio-2680.]

1495 JAEGER L.L.C., APPELLANT, *v.* CUYAHOGA COUNTY

BOARD OF REVISION ET AL., APPELLEES.

[Cite as *1495 Jaeger L.L.C. v. Cuyahoga Cty. Bd. of Revision,*

132 Ohio St.3d 222, 2012-Ohio-2680.]

*Real property tax—Continuing-complaint provision of R.C. 5715.19(D)—*

*Jurisdiction of Board of Tax Appeals and boards of revision.*

(No. 2011-1529—Submitted May 23, 2012—Decided June 21, 2012.)

APPEAL from the Board of Tax Appeals, No. 2009-V-2894.

_____

**Per Curiam.**

{¶ 1} In this appeal, 1495 Jaeger L.L.C. ("Jaeger") challenges the denial by the Board of Tax Appeals ("BTA") of a motion through which Jaeger sought to carry forward a stipulated value for tax year 2008 to subsequent tax years. On February 1, 2011, the BTA issued a dispositive order that adopted a property value that had been stipulated by the parties for tax year 2008. On July 11, 2011, Jaeger filed its motion for an additional BTA order that would require that the stipulated value be carried forward through tax year 2011.

{¶ 2} The BTA denied Jaeger's motion on the grounds that it had no jurisdiction. The BTA reasoned that it lost jurisdiction when the 30-day period for appealing its February 1 dispositional order expired. On appeal to this court, Jaeger renews its argument that the case law requires a carry-forward of the 2008 value to subsequent tax years and contends that the BTA erred by failing to exercise its "continuing complaint" jurisdiction. Jaeger also characterizes its motion as seeking to correct the "technical defect" that the carry-forward language was absent from the BTA's order.

{¶ 3} Because we agree with the BTA's conclusion that it lacked jurisdiction, we affirm the decision of the BTA.

**Facts**

**{¶ 4}** On October 9, 2009, Jaeger filed a notice of appeal to the BTA from a decision of the Cuyahoga County Board of Revision ("BOR") dated September 30, 2009. The BOR had rejected Jaeger's complaint for tax year 2008 and ordered no change in the value originally determined for Jaeger's property.

**{¶ 5}** On January 11, 2011, the BTA issued an order adopting a property value to which the parties had stipulated on December 17, 2010. After the South Euclid-Lyndhurst City School District Board of Education notified the BTA that the wrong school district was named on the original order, the BTA issued a new order on February 1, 2011. The new order named the correct board of education and once again adopted the December 17, 2010 stipulated value for tax year 2008. The BTA's orders made no mention of carrying forward the stipulated value.

**{¶ 6}** On July 11, 2011, Jaeger filed a "Motion to Carry Forward Stipulated Taxable Value to Subsequent Years" with the BTA. That motion noted that the previous BTA order "did not specify that the tax value [for 2008] was to carry forward to subsequent years, albeit not to carry it forward is an unintended result when nothing occurred to trigger a new valuation." Invoking R.C. 5715.19(D), the motion asked the BTA to issue an "order instructing that the Cuyahoga County Auditor shall be directed to correct the tax records" on the grounds that the "originally-stipulated value [for 2008] must be carried forward each year according to law until which time the auditor performs a new valuation for the property pursuant to statutory duties or when an event, such as the property's sale, triggers a need to change the valuation."

**{¶ 7}** On August 9, 2011, the BTA issued its order denying Jaeger's motion. The BTA held that it lacked jurisdiction to consider Jaeger's motion because the motion was not filed within the 30-day appeal period following the issuance of the order adopting the stipulation on February 1, 2011. Jaeger has appealed.

**Analysis**

{¶ 8}   We confront an appeal from an order of the BTA in which the BTA found that it lacked jurisdiction to grant the requested relief.  Jaeger argues that the continuing-complaint provision of R.C. 5715.19(D) conferred jurisdiction on the BTA, but we disagree.  Because the BTA lacked jurisdiction, we affirm.

**A.  Jaeger contends that R.C. 5715.19(D) required the BTA**

**to order a carryover of the stipulated value to later years**

{¶ 9}   Jaeger predicates both the jurisdiction of the BTA and its substantive argument on R.C. 5715.19(D) and on the case law that applies it.  First, Jaeger cites R.C. 5715.19(D)'s carryover mandate:  "Liability for taxes and recoupment charges for such [i.e., the current tax] year *and each succeeding year until the complaint is finally determined * * ** shall be based upon the determination, valuation, or assessment as finally determined."   (Emphasis added.)   Jaeger asserts that this carryover mandate requires that the stipulated value for 2008 be carried forward to tax years 2009, 2010, and 2011, because the tax-year-2008 case was pending until 2011, and also because those years are in the same sexennial period—i.e., 2012 is a reappraisal year in Cuyahoga County.

{¶ 10} Second, Jaeger cites R.C. 5715.19(D) again for its continuing-complaint provision, which provides that when a complaint has not been determined by the board of revision "within the time prescribed for such determination," i.e., 90 days, *see* R.C. 5715.19(C), then the complaint and the connected proceedings shall be "continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board," thereby obviating the need for the complainant to file a fresh complaint for the later year.   Jaeger relies on this provision to maintain that the appeal of the 2008 tax year to the BTA permitted the BTA to decide the value for tax years 2009, 2010, and 2011, given that the

2008-tax-year complaint had not yet been finally determined and was still pending in those later years.

**{¶ 11}** Finally, Jaeger cites case law applying the carry-forward and the continuing-complaint provision. In *Oberlin Manor, Ltd. v. Lorain Cty. Bd. of Revision*, 69 Ohio St.3d 1, 629 N.E.2d 1361 (1994), we held that the BTA acted unreasonably and unlawfully when it failed to order that the value it determined for the first year of an interim period should be carried forward to the remaining two years of that period. *Oberlin Manor* relied on *Wolf v. Cuyahoga Cty. Bd. of Revision*, 11 Ohio St.3d 205, 465 N.E.2d 50 (1984), in which we stated that "the original complaint [for tax year 1979] becomes a carry-over complaint until it is finally determined," with the result that the BTA erred by failing to recognize that "tax years 1980 and 1981 were at issue before the BTA, along with tax year 1979." *Id*. at 207. Although the property owner had asked the BTA for separate (and lower) valuations for 1980 and 1981 on the theory that R.C. 5715.19(D) created continuing-complaint jurisdiction, we held that under the circumstances, R.C. 5715.19(D) required the BTA to carry forward the value determined for 1979 to the other two years of the interim period. Because the BTA had done so, we affirmed. *Id*. at 208.

**{¶ 12}** On the basis of *Wolf* and *Oberlin Manor*, Jaeger argues that it was unreasonable and unlawful for the BTA not to determine and carry forward the stipulated value for tax year 2008 to 2009, 2010, and 2011.[1] *But see AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision*, 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472 (carry-forward provision of R.C. 5715.19(D) must be harmonized with auditor's statutory duties to amend property valuations); *accord Oberlin Manor* at 2 (BTA had a duty to order that the value be carried forward

---

1. In Cuyahoga County, 2009 was an update year that initiated a new triennium.

where there was no evidence of record that the property was changed in the last two years of the triennium).

{¶ 13} The BTA did not reach Jaeger's substantive argument, because it held that it lacked jurisdiction to do so.

**B. The BTA correctly concluded that it lacked jurisdiction to modify its decision after expiration of the 30-day appeal period**

*1. The BTA loses jurisdiction to vacate or modify its decision if the 30-day appeal period expires without the filing of an appeal*

{¶ 14} Unlike the situation in *Wolf* and *Oberlin Manor*, Jaeger is not presenting the issue of the BTA's duties through an appeal from the BTA's dispositional order, which in this case was the order issued on February 1, 2011.[2] Instead, Jaeger asked the BTA to exercise jurisdiction long after the expiration of the appeal period from its February 1 decision.

{¶ 15} Consistent with administrative-law principles generally, the BTA "has control over its decisions until the actual institution of an appeal or the expiration of the time for an appeal." *Natl. Tube Co. v. Ayres*, 152 Ohio St. 255, 89 N.E.2d 129 (1949), paragraph one of the syllabus; *see also MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision*, 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928, ¶ 18. Under this doctrine, the BTA loses jurisdiction to modify or vacate its decision if there is a timely appeal from that decision to a court pursuant to R.C. 5717.04 or if the appeal period expires without an appeal having been filed. Because Jaeger did not file its motion until July 2011, the BTA had no jurisdiction to take further substantive action in that case.[3]

---

2. In *Oberlin Manor*, the record on appeal reveals that within 30 days of entry of the original dispositional order, the taxpayer filed a notice of appeal from both the dispositional order and the BTA's denial of a reconsideration motion.

3. Jaeger derives no benefit from our decision in *MB West Chester,* 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928. Because the board of education in that case had been notified neither of the pendency of the BTA appeal nor of the BTA's decision, we held that the BTA did have

**{¶ 16}** Against this straightforward reasoning, Jaeger contends that the "continuing complaint" provision of R.C. 5715.19(D) conferred jurisdiction on the BTA to take further action in spite of the usual administrative-law principles that impose closure on an administrative proceeding. We now address that contention.

2. *After a BTA decision becomes final and unappealable, the continuing-complaint provision operates at the board-of-revision level, not the BTA*

**{¶ 17}** As noted, R.C. 5715.19(D) provides that when the board of revision fails to decide a complaint within the 90-day time frame prescribed by R.C. 5715.19(C), "the complaint and any proceedings in relation thereto shall be continued by the board [of revision] as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board." The statute makes clear that under those circumstances "the original complaint shall continue in effect without further filing."

**{¶ 18}** The plain language of the statute establishes that continuing-complaint jurisdiction applies at the boards of revision—in its essence, the provision allows the auditor's valuation for a later year to be challenged before the board of revision without the filing of a new complaint. Jaeger argues that the provision not only extends the jurisdiction of the boards of revision with respect to the original tax year's complaint, but also supersedes the usual rule that the BTA's jurisdiction in a case ends with the expiration of the period for appealing from its decision. We disagree.

**{¶ 19}** To be sure, the continuing-complaint provision does imply an extension of the BTA's own jurisdiction to later years, but only *during the pendency* of the original BTA appeal. Cases like those previously cited, *Oberlin*

---

jurisdiction to entertain the board of education's motion to vacate, even though the motion was filed after the ordinary expiration of the 30-day appeal period. Unlike *MB West Chester*, there is no issue of statutory notice in the present case.

*Manor* and *Wolf,* establish that once the board of revision's disposition of the complaint for the original tax year is pending at the BTA, the BTA *can* (and in some cases *must*) exercise jurisdiction over the subsequent years during which the BTA case itself is still pending.

{¶ 20} But the case law also establishes that after the BTA case has terminated, the taxpayer may invoke the continuing-complaint provision *at the board of revision itself* after the BTA has issued a final, dispositive order for the original tax year. That is precisely what happened with respect to tax year 2005 in *AERC*, 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472. The taxpayer's complaint for tax year 2002 was resolved on appeal at the BTA in 2006, and the BTA adopted a value stipulated by the parties for tax year 2002. The auditor, who had reassessed the property for tax year 2005 based on a sexennial reappraisal, changed the 2005 value from the newly appraised value to the value stipulated for tax year 2002—an act that *increased* the value assigned for 2005. Because the March 31, 2006 deadline for challenging the valuation for tax year 2005 had passed, the taxpayer demanded that the BOR review the auditor's carry-forward as part of the continuation of the complaint for tax year 2002. The BOR did so, and when the case arrived at this court, we held that the board of revision did have jurisdiction to entertain AERC's challenge under the continuing-complaint provision. *AERC,* ¶ 10-14.

{¶ 21} The situation with respect to tax year 2005 in *AERC* parallels the situation in the present case: the BTA has fully and finally decided the case for the original tax year and has not specifically addressed subsequent tax years.[4] Just as in *AERC*, the board of revision in this case would (absent some other countervailing circumstance) be obliged to entertain Jaeger's challenge for 2009,

---

4. To be sure, in *AERC,* the BTA's order adopting the stipulated value did recite that the value should be carried forward "in accordance with law," but as we stated in *AERC*, this statement did not constitute a mandate that the value be applied in any specific year. *AERC,* ¶ 15, fn. 2.

2010, and 2011 as part of the continuing complaint for tax year 2008. Moreover, subject to the usual jurisdictional limits, Jaeger in this case (like the taxpayer in *AERC*) would have the right to appeal an adverse ruling by the board of revision to the BTA—not as part of the former BTA case, but as a brand-new BTA appeal.

{¶ 22} No doubt the best practice in a continuing-complaint situation is for the complainant, whenever appropriate, to seek a BTA order that addresses the scope of carry-forward in the appeal that relates to setting the value for the original tax year. *See Cleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 105 Ohio St.3d 404, 2005-Ohio-2285, 827 N.E.2d 306, ¶ 24 (recommending that boards of revision and the BTA "specify the years covered by their orders"). But in the absence of such an action, AERC demonstrates that the continuing complaint furnishes the means of presenting the carry-forward issue *to the boards of revision* themselves.

{¶ 23} Finally, Jaeger's characterization of its motion as asking to cure a "technical defect" is unavailing. Jaeger asserts legal error in the BTA's failure to address the later years in its decision, but it cites no authority that such a legal error constitutes a defect that is exempt from the usual jurisdictional limitations.

{¶ 24} The foregoing discussion shows that the continuing-complaint provision does not expand the BTA's jurisdiction beyond the usual limits prescribed by the jurisdictional statutes and administrative-law principles.

### Conclusion

{¶ 25} Because the BTA correctly held that it had no jurisdiction to modify its February 2 decision, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

**PFEIFER, J., concurring.**

{¶ 26} Jaeger and the county stipulated to a new valuation for tax year 2008, and Jaeger desires to carry the stipulated value to later years. Although the stipulation makes no reference to carrying the value forward, Jaeger ought to have the opportunity to present its case for doing so. I agree with the court that Jaeger's request that the BTA modify its decision came too late, but I write separately to make clear that all is not lost.

{¶ 27} As the court's decision points out, the pendency of the 2008-tax-year complaint all the way into 2011 means that Jaeger had a "continuing complaint" that allows it to challenge the auditor's assessments at the board of revision for 2009, 2010, and 2011 without filing a fresh complaint for any of those years. *See AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision,* 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472, ¶ 12, citing *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 87 Ohio St.3d 305, 307, 720 N.E.2d 517 (1999).

{¶ 28} In *Columbus Bd. of Edn.,* we rejected the BTA's conclusion that its decision on the earlier complaint had terminated the proceedings with respect to subsequent years that were subject to the continuation of the complaint. *Id.* at 307. Therefore, although it did not address the later years, the BTA's decision in the present case does not preclude proceedings on the continuing complaint at the BOR. Moreover, because there is no need to file a fresh complaint for the later years, the usual deadline of March 31 in the ensuing year does not apply. R.C. 5715.19(A)(1); *see AERC*, ¶ 7. Finally, when the BOR issues its decision for one of the later years, that decision may be appealed to the BTA pursuant to R.C. 5717.01.

{¶ 29} Based on my understanding of the law, Jaeger has an opportunity to pursue its claim for the later years. Accordingly, I concur in the majority opinion.

_____

Dyson, Schmidlin & Foulds Co., L.P.A., Raymond J. Schmidlin, Robert J. Foulds, and Kevin P. Roberts, for appellant.

Brindza, McIntyre & Seed, L.L.P., David H. Seed, and Jennifer A. Hoehnen, for appellee South Euclid-Lyndhurst City School District Board of Education.

_____