Pfeifer, J.,
concurring.
{¶ 26} Jaeger and the county stipulated to a new valuation for tax year 2008, and Jaeger desires to carry the stipulated value to later years. Although the stipulation makes no reference to carrying the value forward, Jaeger ought to have the opportunity to present its case for doing so. I agree with the court that Jaeger’s request that the BTA modify its decision came too late, but I write separately to make clear that all is not lost.
{¶ 27} As the court’s decision points out, the pendency of the 2008-tax-year complaint all the way into 2011 means that Jaeger had a “continuing complaint” that allows it to challenge the auditor’s assessments at the board of revision for 2009, 2010, and 2011 without filing a fresh complaint for any of those years. See AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision, 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472, ¶ 12, citing Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision, 87 Ohio St.3d 305, 307, 720 N.E.2d 517 (1999).
{¶ 28} In Columbus Bd. of Edn., we rejected the BTA’s conclusion that its decision on the earlier complaint had terminated the proceedings with respect to subsequent years that were subject to the continuation of the complaint. Id. at 307. Therefore, although it did not address the later years, the BTA’s decision in the present case does not preclude proceedings on the continuing complaint at the BOR. Moreover, because there is no need to file a fresh complaint for the later years, the usual deadline of March 31 in the ensuing year does not apply. R.C. 5715.19(A)(1); see AERC, ¶ 7. Finally, when the BOR issues its decision for one of the later years, that decision may be appealed to the BTA pursuant to R.C. 5717.01.
{¶ 29} Based on my understanding of the law, Jaeger has an opportunity to pursue its claim for the later years. Accordingly, I concur in the majority opinion.